IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT E. FRAZIER, *et al*. | * | |
| Plaintiffs, | * | |
| v. | * | CIVIL ACTION NO. CCB-17-888 |
| CLINT A. MCLEAN, *et al*. | * | |
| Defendants. | * | |

\*\*\*\*\*

MEMORANDUM

On April 3, 2017, defendant Chevera D. Brown, a resident of Baltimore, Maryland, removed a civil foreclosure proceeding from the Circuit Court for Baltimore County, Maryland to this court. (ECF Nos. 1 & 3–7.)[1] Upon review of the materials, the court will remand the case to the Circuit Court for Baltimore County.

A review of the attached state court dockets shows that plaintiffs filed this foreclosure proceeding against Clint A. McLean and Chevera D. Brown in the Circuit Court for Baltimore City on April 8, 2016,[2] and the matter was transferred to the Circuit Court for Baltimore County on November 29, 2016. The dockets further reveal that Brown's requests for foreclosure mediation, a

---

[1] The notice of removal was accompanied by a motion for leave to proceed in forma pauperis, (*see* ECF No. 2), which will be granted. In addition, Brown filed a motion for an evidentiary hearing. (*See* ECF No. 10.) That motion will be denied without prejudice. Finally, a copy of the motion to disqualify opposing counsel and notice of plaintiff's violation of regulation X and request for hearing, submitted in the Circuit Court for Baltimore County, was entered on the docket as a pending motion. (*See* ECF No. 4.) To the extent that Brown intended to seek federal review of that motion, it will be denied without prejudice.

[2] *See Yacko, et al. v. McLean, et al.*, Case No. 24O16000947 (copy attached).

hearing, and dismissal of the case remain pending. *See Yacko, et al. v. McLean, et al.*, Case No. 03C16011887 (copy attached).

Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." Brown asserts that the court has original jurisdiction here pursuant to 28 U.S.C. § 1331, which authorizes the federal district courts to exercise jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[3] Generally, a defendant must file a notice of removal within 30 days of service of the initial pleading. 28 U.S.C. § 1446(b)(2)(B). Here, removal occurred approximately one year after the action was initiated in state court.[4] In any case, remand is appropriate because the court lacks subject-matter jurisdiction.

28 U.S.C. § 1447(c) provides:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees,

---

[3] On April 3, 2017, Brown filed a notice of removal, civil cover sheet, and complaint in this court. (*See* ECF No. 1.) Although these documents relate to the state-court foreclosure case, they list Brown as the plaintiff and name new defendants. Brown also filed a notice of removal in the Circuit Court for Baltimore County, listing the correct parties in the caption, (*see* ECF No. 5), and a memorandum of law regarding retention of jurisdiction in this court, (*see* ECF No. 8). Brown's civil cover sheet checks the box to invoke this court's federal-question jurisdiction under 28 U.S.C. § 1331, and she cites to various supporting authorities in her notice of removal, civil cover sheet, and complaint. (*See* ECF No. 1.) Her complaint asserts that this court also has jurisdiction due to diversity of citizenship between Brown and Suntrust Mortgage Inc. (*See* ECF No. 1-2 at 6–7.) Because Suntrust Mortgage Inc. is not a party to the removed action, however, the court may not exercise jurisdiction on that basis.

[4] According to the state-court docket, Brown was served with the foreclosure matter filed in the Circuit Court for Baltimore City on or about April 16, 2016. Therefore, she did not file her notice of removal in a timely manner. *See* 28 U.S.C. § 1446(b).

2

incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

The burden of demonstrating jurisdiction and propriety of removal rests with the removing party. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc); *see also McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010); *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010). Thus, "[i]f a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

"Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). Indeed, a federal court "should construe removal statutes narrowly[, with] doubts concerning removal . . . resolved in favor of state court jurisdiction." *Barbour v. Int'l Union*, 640 F.3d 599, 617 (4th Cir. 2011) (en banc), *abrogated on other grounds by* 28 U.S.C. § 1446(b)(2)(B); *see also Cohn v. Charles*, 857 F. Supp. 2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court."). And, of import here, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006).

"[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). It is a hornbook principle of federal jurisdiction that "the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed . . . It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *See Herman v. Lincoln Nat'l Life Ins. Co.*, 842 F. Supp. 2d 851, 853 (D. Md. 2012) (citing 14 C. Wright & A. Miller, Federal Practice and Procedure § 3722, at 557).

The suit filed in state court concerned a foreclosure matter. There was no federal question presented on the face of the complaint, and Brown may not create federal jurisdiction by making generalized statements regarding alleged constitutional rights violations involved in the foreclosure process. (*See* ECF No. 1.) The federal district courts have no original jurisdiction over such foreclosure disputes.

Moreover, Brown has failed to show that she is unable to enforce any federal rights in state court. A party to a state court proceeding is able to raise arguments regarding applicable federal law. "Under our system of dual sovereignty, . . . state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." *Bullock v. Napolitano*, 666 F.3d 281, 285 (4th Cir. 2012) (quoting *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823 (1990)) (emphasis omitted). In addition, Maryland law provides for appellate review

of decisions of a Maryland circuit court. *See* Md. Code, Courts and Judicial Proceedings Art. § 12-301.

Accordingly, the case will be remanded. A separate Order follows.

Date:  4/12/17                              /S/
                                            Catherine C. Blake
                                            United States District Judge